E-FILED

Monday, 07 November, 2022  09:51:26 AM

Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEVIN KUGLER,                                    )
   Plaintiff,                                   )
                                )
   vs.                                          )        Case No. 22-4138
                                )
GREG DONOTHAN, et. al.,                          )
   Defendants                                   )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

facts must be provided to "'state a claim for relief that is plausible on its face.'"
*Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's complaint lists the following Defendants: Program Director Gregory Donathan, Assistant Program Director Erin Posey, Security Director William Epperson, Program Administrator Sharon Coleman, Secretary Grace Hou, and unknown Doe Defendants.

Plaintiff says the Defendants have created a "punitive policy threatening to take this plaintiff's personal property in particular plaintiff's electronics such as his t.v., game consoles, Blu Ry Player, handheld game systems and forcing plaintiff to destroy, send out, donate his electronics by force" if Plaintiff refuses a roommate. (Comp., p. 6). Plaintiff says this action violates his First Amendment Right to the pursuit of happiness, his due process rights, and his right to be free from cruel and unusual punishment. Plaintiff says Defendant Donathan, Posey, and Epperson created the policy on July 26, 2022.

Plaintiff further alleges Defendants knew this policy was unconstitutional due to a previous case in the Northern District of Illinois. Plaintiff cites to *Hargett v. Adams*, No. 02 C 1456, 2005 WL 399300, (N.D. Ill. Jan. 14, 2005). In this class action lawsuit, the court found although the "prison-like" environment at the Joliet Treatment and Detention Center was not optimal for a positive therapeutic environment, it did not significantly impede the delivery of effective treatment. *Id*. at 2. In addition, the fact that the facility operated "much like a prison did not, itself, violate Plaintiff's

constitutional rights." *Lieberman v. Budz*, 2007 WL 1810493, at *8 (N.D.Ill. June 19, 2007): *see also Lieberman v. Walker*, 2009 WL 10710734, at *8 (C.D.Ill  March 10, 2009).

The Court also found the prior Secure Management Status (SMS) at the facility was unconstitutional.  SMS "refers to the status and set of conditions that a patient may be placed under when he is determined to be a danger to himself or others. The most common reason a patient is placed on SMS is assaultive or threatening words or behaviors aimed toward another patient or staff." *Hargett*, 2005 WL 399300, at *4.

It is not clear how the *Hargett* case is relevant to Plaintiff's claims.

In short, Plaintiff has failed to provide enough information to clearly state a violation of his constitutional rights, and therefore his complaint is dismissed.  The Court will allow Plaintiff an extension of time to file an amended complaint if he believes he can clarify his allegations.

For instance, Plaintiff should specifically state when his property was taken, why it was taken, and who took it.  Was this part of a disciplinary proceeding or was Plaintiff placed on SMS status? If Plaintiff believes the decision was a "policy," he must clearly identify the policy. For instance, what is the basis of the policy and when is it used?  Plaintiff must also state how each Defendant was involved in his claim.

Plaintiff should not provide caselaw or other information, but only the information relevant to his specific claims. His proposed amended complaint must stand complete on its own and not refer to his previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's Petition to Proceed In Forma Pauperis is DENIED with leave to renew [3].

2)  The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) If Plaintiff believes he can cure the deficiencies noted in his complaint, he may file an amended complaint on or before November 29, 2022. The pleading must be titled "Amended Complaint" and must include all claims and Defendants without reference to the initial complaint. Failure to file an amended complaint by the deadline will result in the dismissal of this case for failure to state a claim.

3) The Clerk of the Court is directed to reset the internal merit review deadline within 21 days of this order.

ENTERED this 7th day of November, 2022.


                              s/ James E. Shadid
                    _____
                              JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE