E-FILED
Wednesday, 15 February, 2023 04:08:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN KUGLER, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-4138 |
| ) | |
| GREG DONOTHAN, et. al., ) | |
|    Defendants ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [7].

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [7]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Plaintiff's originally complaint was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. *See* November 7, 2022 Case Management Order.

1

Plaintiff claimed Rushville Defendants created a "punitive policy threatening to take this plaintiff's personal property" if Plaintiff refused a roommate. (Comp., p. 6). Plaintiff said the policy violated several of his constitutional rights, but he provided no further detail. The Court allowed Plaintiff additional time to file an amended complaint clarifying his claims and directions to assist him.

> For instance, Plaintiff should specifically state when his property was taken, why it was taken, and who took it. Was this part of a disciplinary proceeding or was Plaintiff placed on SMS status? If Plaintiff believes the decision was a "policy," he must clearly identify the policy. For instance, what is the basis of the policy and when is it used? Plaintiff must also state how each Defendant was involved in his claim. November 7, 2022 Case Management Order, p. 3

Plaintiff was also admonished not to cite to caselaw or information which did not pertain to his claims.

Plaintiff has now filed his proposed amended complaint which as been filed as a Motion for Leave to Amend. [7]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [7].

Plaintiff identifies seven Defendants including Program Director Gregory Donathan, Assistant Program Director Erin Posey, Security Director William Epperson, Assistant Security Director Ham, Secretary Grace Hou, Program Administrator Sharon Coleman, and Governor J.B. Pritzker.

Plaintiff has wholly ignored the Court's directions. Plaintiff says Defendants have denied his right to the "pursuit of happiness, the right to own property, and to give and receive information to freely express himself." (Amd. Comp, p. 8). Plaintiff also states the Defendants "have implemented and enforced a punitive policy that

allows for … staff to take residents electronics no matter what their level of threat." (Amd. Comp, p. 9). Plaintiff again fails to provide any further information such as when his property was taken, why it was taken, who took his property, and whether he had an opportunity to retrieve his property. Plaintiff again fails to state how any specific Defendant was involved in his claim, nor has he identified any policy or who implemented a policy.

It is not sufficient to simply list all Defendants. To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Plaintiff must clearly state how each, individual Defendant was involved in his claims.

Plaintiff also makes vague reference to conspiracy and retaliation, without providing any factual basis for either claim. (Amd. Comp, p. 3, 12). Plaintiff further requests relief he can not obtain in a lawsuit pursuant to 42 U.S.C.§1983 such as criminal charges or his release from Rushville. See *Henderson v. Liberty Healthcare*, 2014

WL 1302486, at *1 (C.D.Ill. March 31, 2014)(plaintiff's "sole remedy in federal court for invalidating his recommitment to Rushville and in obtaining his release from Rushville is a habeas petition."); *see also Donley v. Hart*, 2020 WL 6704571, at *1 (C.D.Ill. Nov. 13, 2020)("the Court cannot order the filing of criminal charges…Criminal prosecutions are the function of state and federal prosecutorial authorities.").

Plaintiff has again failed to clearly state a claim upon which relief can be granted. The Court will allow Plaintiff one FINAL opportunity to file an amended complaint if Plaintiff believes he can clarify his claims.

For any allegation, Plaintiff MUST state when the incident occurred, who was involved, and what happened. If Plaintiff is alleging a policy was involved, he must identify the policy, who implemented the policy, and how it specially impacted the Plaintiff. For each Defendant, Plaintiff must clearly state that individual's specific involvement in his claim.

Plaintiff is a very experienced litigator having filed approximately 14 cases in the Central District of Illinois. If Plaintiff again ignores the Courts specific directions and fails to clearly state a claim, this case will be dismissed with prejudice.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. [7].

2) The Amended Complaint is dismissed for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) If Plaintiff believes he can cure the deficiencies noted in his complaint, he may file an amended complaint on or before March 8, 2023. The pleading must be

titled "Second Amended Complaint" and must include all claims and Defendants without reference to any previous complaint.

3) If Plaintiff fails to file a complaint by the deadline or again ignores the Court's directions, his case will be dismissed with prejudice.

4) The Clerk of the Court is directed to reset the internal merit review deadline within 21 days of this order.

ENTERED this 15th day of February, 2023.

                                        s/ James. E. Shadid

                                    JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE