E-FILED
Friday, 14 April, 2023  08:48:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN KUGLER, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-4138 |
| ) | |
| GREG DONOTHAN, et. al., ) | |
|    Defendants ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File a Second Amended Complaint. [10].

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [8, 11]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).

The Court dismissed Plaintiff's first two complaints for failure to state a claim upon which relief could be granted. *See* November 7, 2022 Order; February 15, 2023 Order.  On each occasion, the Court provided directions to assist Plaintiff in clarifying

his claims and additional time to file an amended complaint. *See* November 7, 2022 Case Management Order; February 15, 2023 Case Management Order.

Plaintiff has now submitted his Motion for Leave to File a Second Amended Complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [10]. Plaintiff's revised complaint identifies one Defendant, Rushville Program Director Greg Donathan.

Plaintiff says he was allowed to have his T.V., Blue Ray DVD player, and X-Box no matter what his designated living status at Rushville. However, on July 27, 2022, Defendant Donathan posted a memorandum implementing a new policy which allowed staff to take a resident's electronics while they were on "close" status. (Sec.Amd.Comp., p. 5).

Plaintiff has not explained "close status," but the Seventh Circuit has previously noted it is a disciplinary measure for major rule violations which includes a loss of privileges. *See Shanklin v. Freeman*, 799 Fed.Appx. 392, 394 (7th Cir. 2020). Nonetheless, close status is not considered the most restrictive housing status at Rushville. *See Dooley v. Kibby*, 2015 WL 3745373, at *2 (C.D.Ill. June 12, 2015); *Johnson v. Louck*, 2015 WL 5462222, at *1 (C.D.Ill. Sept. 16, 2015).

On September 28, 2022, Plaintiff's electronics were taken pursuant to this order. Plaintiff does not indicate when the items were returned or how long he was on close status.

Plaintiff next alleges on December 6, 2022, he was moved to Temporary Special Management Status (TSMS). TSMS is the most restrictive resident status at Rushville

2

and is often used pending an investigation into an alleged rule violation. *See i.e. Carpenter v. Schuyler Cnty.*, 2015 WL 5598775, at *2 (C.D.Ill. Sept 22, 2015). Plaintiff was allowed to keep his T.V. and other items during the investigation. Plaintiff claims Defendant Donathan told Plaintiff's since his placement on TSMS status had nothing to do with his electronics, he could keep his property during this time.

On December 8, 2022, the Behavior Committee moved Plaintiff to close status and his T.V., DVD player, and game console were again taken. Plaintiff spoke with Defendant Donathan the next day and asked why his property was removed since his placement in close status was based on the same behavior which originally sent him to TSMS. The Defendant responded: "consequences and punishment." (Comp. p. 9). Based on Plaintiff's complaint, it appears he was no longer on investigative status and the Behavior Committee found Plaintiff guilty of the rule violation which led to his move to close status.

When Plaintiff disagreed with the decision, the Defendant said he would continue with the policy allowing the denial of electronics unless a judge told him he could not and therefore Plaintiff could choose to sue him. Plaintiff then filed his lawsuit and claims the Defendant Donathan's policy of allowing staff to take his electronics on close housing status violated his First and Fourteenth Amendment rights.

The Seventh Circuit has previously held the more restrictive conditions of Rushville's "close" housing status were not actionable under the due process clause even when considering measures such as earlier curfews, reduced family visits, and a denial of yard time, special events, library, exercise room, and typewriters. *Miller v.*

*Dobier,* 634 F.3d 412, 414–15 (7th Cir. 2011)("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause, and this regardless of whether the confinement is criminal or civil."); *see also Brown v. Scott,* 720 Fed.Appx. 296, 298 (7th Cir. 2017)("We have already held that a detainee placed in Rushville's 'close status' does not lose liberty within the meaning of the Due Process Clause."). The Court specifically noted a close status resident was still free to leave his cell most of the day and avoid many of the extreme deprivations associated with segregation in prison setting. The only deprivation Plaintiff mentions is the inability to keep his personal electronic equipment in his cell. Based on the Seventh Circuit's decision in *Miller,* Plaintiff has failed to articulated a due process violation.

Plaintiff next claims taking his TV, Blu Ray Player, and game console as part of the imposed discipline violates his First Amendment rights. "[T]he Supreme Court's *Turner* test applies to determine the constitutionality of the prohibitions on electronics: Are the prohibitions reasonably related to legitimate government interests?" *Lewis v. Phillips*, 2014 WL 4653050, at *1 (C.D.Ill. Sept. 18, 2014), *citing Turner v. Safely,* 482 U.S. 78, 89 (1987). "Encompassed in that analysis is the deference owed to Defendants in operating the facility." *Lewis v. Phillips*, 2014 WL 4653050, at *1; *citing Beard v. Banks*, 548 U.S. 521, 529 (2006)("[W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities.").

4

Courts applying this test have upheld the confiscation of electronic equipment from pretrial detainees or the civilly committed. *See i.e.* M*urphy v. Walker,* 51 F.3d 714, 718 FN 8 (7th Cir.1995) (pretrial detainee had no constitutional right to television); *Schloss v. Ashby,* 2011 WL 4804868, at *5 (C.D.Ill. Oct 11,2011)(no "plausible scenario" under the Constitution "would require Rushville to permit its residents to possess video gaming consoles."); *Hedgespeth v. Bartow,* 2010 WL 2990897 *7 (W.D.Wis. July 27, 2010) (finding that rule banning possession of video games and gaming equipment by sexually violent detainee was rationally related to legitimate security interests); *Belton v. Singer,* 2011 WL 2690595 * 12 (D.N.J. July 8, 2011)(dismissing at pleading stage claim by sexually violent detainee challenging confiscation of gaming consoles and other electronics).

In this case, Plaintiff is not claiming the Defendant banned all electronics. Instead, Plaintiff's personal equipment was temporarily taken only after he was found guilty of a major rule violation. *See Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)(courts must give "due deference to the experience and expertise of … jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline..")(internal citation omitted)

Plaintiff also does not allege he was denied access to television or other media in a common area. *See i.e. Smego v. Ashby*, 2011 WL 6140661, at *3 (C.D.Ill. Dec. 9, 2011)( finding Rushville residents "have access to media through newspapers, magazines,

5

television and radio" and "[t]hey are not constitutionally required to have access to all media" such as personal computers); *citing Singer v. Raemisch,* 593 F.3d 529, 539 (7th Cir.2010) (banning of fantasy role playing games was rationally related to legitimate penological interests and prisoner had alternative means of exercising right, such as possessing other reading materials or playing allowable games).

Plaintiff has failed to articulate a constitutional violation. The Court has already allowed Plaintiff three opportunities to file an amended complaint and does not believe Plaintiff could articulate a claim if given additional opportunities.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED pursuant to Federal Rule of Civil Procedure 15 [10].

2. Plaintiff's motions to proceed in forma pauperis are DENIED [8], [11]. Plaintiff's second amended complaint is dismissed for failure to state a claim. The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P.4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. *See*

Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of April, 2023.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE